**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MELANIE THOMPSON,<br><br>             Plaintiff,<br><br>      v.<br><br>BACKPAGE.COM, L.L.C.; CARL FERRER; JAMES LARKIN; MICHAEL LACEY; MEDALIST HOLDINGS, INC.; LEEWARD HOLDINGS, L.L.C.; CAMARILLO HOLDINGS, L.L.C.; DARTMOOR HOLDINGS, L.L.C.; IC HOLDINGS, L.L.C.; UGC TECH GROUP C.V.; WEBSITE TECHNOLOGIES, LLC;  ATLANTISCHE BEDRIJVEN C.V.; AMSTEL RIVER HOLDINGS, LLC; LUPINE HOLDINGS LLC; KICKAPOO RIVER INVESTMENTS LLC; CF HOLDINGS GP, LLC; CF ACQUISITIONS, LLC; and JOHN DOE 1-5,<br><br>             Defendants. | Civ. No.<br><br><br>**NOTICE OF REMOVAL** |

Defendant James Larkin gives notice of the removal of this action from the Supreme Court of New York, County of New York, to the United States District Court, Southern District of New York, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  Defendant Larkin removes this action to federal court on the grounds that this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  As set out more fully below, Defendant Larkin has satisfied the procedural requirements for removal and has properly removed the action to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446.

Defendant Larkin states the following in support of removal:

**Removal of the Action As Being Within the Original Jurisdiction of this Court**

1.      Plaintiff Melanie Thompson ("Plaintiff") filed her Complaint (the "Complaint") against me and others in the Supreme Court of New York, County of New York, Index No. 950015/2020 (the "State Court Action"), on January 21, 2020.

2.      This Court has original jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1331 and 1441(a).  The Court's original jurisdiction is founded on Plaintiff's assertion of a claim in the Complaint arising under the laws of the United States. Specifically, Plaintiff has asserted a claim under the Trafficking Victims Protection Reauthorization Act of 2008, 18 U.S.C. § 1595 (the "TVPRA"), and seeks to recover compensatory statutory and punitive damages, interest, and costs of suit.  Complaint, ¶¶ 117 - 123.  Due to Plaintiff's claim under the TVPRA, my removal of this action to this Court is appropriate under 28 U.S.C. § 1441(a), without regard to the citizenship or residence of the parties or the amount in controversy.

3.      This Court has supplemental jurisdiction over any of Plaintiff's claims not arising under the laws of the United States, pursuant to 28 U.S.C. § 1367(a), including Plaintiff's claims for negligence, intentional infliction of emotional distress, unjust enrichment, invasion of privacy, failure to warn, and civil conspiracy.

4.      In accordance with 28 U.S.C. § 1441(a), the United States District Court for the Southern District of New York is the district and division embracing the place where the State Court Action is pending.

5.      Plaintiff has not yet served her Complaint on me, so removal is timely, pursuant to 28 U.S.C. § 1446(b).

6.      Plaintiff's Complaint named the following Defendants:

      a.      Carl Ferrer ("Ferrer");

      b.      Backpage.com, LLC; Dartmoor Holdings, LLC; IC Holdings, LLC; UGC Tech Group C.V.; Website Technologies, LLC; Atlantische Bedrijven C.V.;

Amstel River Holdings, LLC; Lupine Holdings LLC; Kickapoo River Investments LLC; CF Holdings GP LLC; and CF Acquisitions LLC (collectively, the "Backpage Entities");

       c.     Medalist Holdings, Inc.; Leeward Holdings, LLC; and Camarillo Holdings, LLC (collectively, the "Medalist Entities");

       d.     Michael Lacey ("Lacey");

       e.     Me; and

       f.     The fictitiously named defendants, John Does 1-5.

Plaintiff appears to have properly joined and served Ferrer, each of the Backpage Entities other than IC Holdings, LLC, the Medalist Entities, and Lacey.  On information and belief, Plaintiff has not identified, joined, or served the fictitiously named defendants.

       *7.*     I have attached as Exhibit A the written consents to the removal of the State Court Action of Ferrer, the Backpage Entities, the Medalist Entities, and Lacey, who or which, on information and belief, include all other defendants who have been properly joined and served.  The unidentified and unserved fictitiously-named parties need not consent to removal.  *Davis v. Yates*, No. 15-CV-6943 (KM)(JBC), 2016 WL 3921146, at *2 (D.N.J. July 20, 2016).

       8.     I have attached as Exhibit B a copy of all pleadings, process, orders, and other filings in the State Court Action, as required by 28 U.S.C. § 1446(a).

       9.     I will promptly provide written notice of the filing of this Notice of Removal to all adverse parties and file a copy of the Notice of Removal with the Clerk of the Supreme Court of New York, New York County, in accordance with 28 U.S.C. § 1446(d).

       For the reasons set forth above, I respectfully request that the Court remove the State Court Action from the Supreme Court of New York, New York County, to the United States District Court for the Southern District of New York.

**Removal Based on Diversity of Citizenship**

10.     My removal of the State Court Action also is proper based on diversity jurisdiction under 28 U.S.C. § 1332.

11.     I incorporate the allegations in Paragraphs 1 – 9 relevant to removal based on diversity.

12.     Pursuant to 28 U.S.C. § 1441(a), a defendant may remove any civil action filed in a state court to the United States District Court if the district court has original jurisdiction over the action.

13.     Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the sum or value of $75,000.00.

14.     As discussed below in greater detail:

        a.      Plaintiff alleges in the Complaint that she is a resident of Richmond County, New York; and

        b.      I am a citizen of Arizona; the Medalist Entities are citizens of Arizona and Delaware; and, on information and belief, Lacey is a citizen of Arizona, Ferrer is a citizen of Texas, and the Backpage Entities also are citizens of Texas.

15.     For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state in which it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is determined by the "nerve center" test, i.e., "the place where the corporation's officers direct, control, and coordinate the corporation's activities," which ordinarily is the "place where the corporation maintains its headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

16.     The citizenship of a limited partnership is the citizenship of all of its members. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 726 (2d Cir. 2017).

17.     The citizenship of a limited liability company is the citizenship of all of its members.  *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019).

18.     A trust's citizenship is determined by the citizenship of its trustee.  *See Raymond Loubier Irrevocable Tr.*, 858 F.3d at 731.

19.     An individual's citizenship is determined by his or her domicile, *i.e.* his or her true fixed home and principal establishment.  *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

### Dates of Service of Process

20.     On information and belief, each of the Medalist Entities was served with process on March 9, 2020.  On information and belief, Ferrer and each of the Backpage Entities other than IC Holdings, LLC was served with process on March 11, 2020.  On information and belief, Lacey was served with process on March 19, 2020.  On information and belief, IC Holdings, LLC has not been served with process.

### Plaintiff's Citizenship

21.     I am informed and believe that Plaintiff is a citizen of the state of New York because she alleges in her Complaint that she is a resident of Richmond County, New York.

### My Citizenship

22.     At the time the Complaint was filed, I was, and, as of the date of the filing of this Notice, I am, a resident of, domiciled in, and a citizen of Arizona.  I am not a citizen of any state or jurisdiction other than Arizona.

23.     I own a residence near Phoenix in Arizona and have owned a residence in or near Phoenix since 1982.  I have lived near Phoenix since 1952.  My current residence near Phoenix is my primary residence and has been so since 2007.  I consider my residence in Arizona to be my permanent home and, when I depart Arizona, I do so with the intent to return to my residence in Arizona.

24.     I have been employed in or near Phoenix, Arizona, since 1970.

25.    I file my state income taxes in Arizona as a resident of Arizona and have done so since 1968.  I also pay, and have always paid, real and personal property taxes in Arizona.

26.    I am registered to vote in Arizona and have been registered to vote in Arizona since about 2000.

27.    I have an Arizona driver's license and have had an Arizona driver's license since 1966.  I have automobiles in Arizona, which are registered in Arizona.  I have owned or leased automobiles that have been registered in Arizona since 1968.

### The Medalist Entities' Citizenship

28.    At the time the Complaint was filed, Medalist Holdings, Inc. was, and, as of the date of the filing of this Notice of Removal, is, a Delaware corporation, with its principal place of business in Arizona.  Medalist Holdings, Inc. has always been privately held, and no publicly held corporation has ever owned an interest in it.  Medalist Holdings, Inc. is not a citizen of any state or jurisdiction other than Delaware or Arizona.

29.    At the time the Complaint was filed, Leeward Holdings, LLC was, and, as of the date of the filing of this Notice of Removal, is, a Delaware limited liability company, wholly owned by Medalist Holdings, Inc.  Leeward Holdings, LLC has always been privately held, and no publicly held corporation has ever owned an interest in it.

30.    At the time the Complaint was filed, Camarillo Holdings, LLC was, and, as of the date of the filing of this Notice of Removal, is, a Delaware limited liability company, wholly owned by Leeward Holdings LLC.  Camarillo Holdings, LLC has always been privately held, and no publicly held corporation has ever owned an interest in it.

31.    Therefore, at the time the Complaint was filed, Medalist Holdings Inc., Leeward Holdings, LLC, and Camarillo Holdings, LLC were, and, as of the date of the filing of this Notice of Removal, are, all citizens of Delaware and Arizona.  At no time have Medalist Holdings Inc., Leeward Holdings, LLC, or Camarillo Holdings, LLC been citizens of New York.

### *Lacey's Citizenship*

32.     On information and belief, at the time the Complaint was filed, Lacey was, and, as of the date of the filing of this Notice, is, a resident of, domiciled in, and a citizen of Arizona.  On information and belief, Lacey is not a citizen of any state or jurisdiction other than Arizona.

33.     On information and belief, Lacey owns a residence near Phoenix in Arizona and has owned a residence in or near Phoenix since the mid-1990s.  On information and belief, Lacey has lived in Phoenix since 1966.  On information and belief, Lacey's current residence near Phoenix is his primary residence and has been so since the late 1990s. On information and belief, Lacey considers his residence in Arizona to be his permanent home and, when he departs Arizona, he does so with the intent to return to his residence in Arizona.

34.     On information and belief, Lacey has been employed in or near Phoenix, Arizona since 1970.

35.     On information and belief, Lacey files his state income taxes in Arizona as a resident of Arizona and has done so since 1970.  On information and belief, Lacey also pays, and for many years has paid, real and personal property taxes in Arizona.

36.     On information and belief, Lacey is registered to vote in Arizona and has been registered to vote in Arizona since the mid-1990s.

37.     On information and belief, Lacey has an Arizona driver's license and has had an Arizona driver's license since the 1990s.  On information and belief, Lacey has automobiles in Arizona, which are registered in Arizona and have been registered in Arizona for many years.

### *Ferrer's and the Backpage Entities' Citizenship*

38.     On information and belief, at the time the Complaint was filed, the ownership structure of the Backpage Entities was, and, as of the date of the filing of this Notice of Removal, is, as follows:

a.      Backpage.com, LLC was and is a Delaware limited liability company, wholly owned by IC Holdings, LLC;

b.      IC Holdings, LLC was and is a Delaware limited liability company, wholly owned by Dartmoor Holdings, LLC;

c.      Website Technologies, LLC was and is a Delaware limited liability company, wholly owned by Dartmoor Holdings, LLC;

d.      Dartmoor Holdings, LLC was and is a Delaware limited liability company, wholly owned by Atlantische Bedrijven C.V;

e.      UGC Tech Group C.V. was and is a Dutch limited partnership, wholly owned by its general partner CF Holdings GP LLC and its limited partner CF Acquisitions LLC;

f.      CF Holdings GP LLC and CF Acquisitions LLC each were and are Delaware limited liability companies, each wholly owned by their sole member Atlantische Bedrijven C.V;

g.      Atlantische Bedrijven C.V. was and is a Dutch limited partnership, wholly owned by Kickapoo River Investments LLC and Lupine Holdings LLC;

h.      Kickapoo River Investments LLC and Lupine Holdings LLC each were and are Delaware limited liability companies, each wholly owned by Amstel River Holdings, LLC; and

i.      Amstel River Holdings, LLC was and is a Delaware limited liability company, wholly owned by the Vicky Ferrer Family Trust.

On information and belief, Backpage.com, LLC, IC Holdings, LLC, Dartmoor Holdings, LLC, Lupine Holdings LLC, Website Technologies, LLC, CF Holdings GP LLC, CF Acquisitions LLC, UGC Tech Group C.V., and Amstel River Holdings, LLC have always been privately held, and no publicly held corporation has ever owned an interest in any of them.

39.     Thus, tracing up the ownership chain, at all relevant times, on information and belief, the citizenship of Backpage.com, LLC, IC Holdings, LLC, Website Technologies, LLC, Dartmoor Holdings, LLC, Atlantische Bedrijven C.V., Kickapoo River Investments LLC, Lupine Holdings LLC, UGC Tech Group C.V., CF Holdings GP LLC, CF Acquisitions LLC, and Amstel River Holdings, LLC, for diversity purposes, are based on the citizenship of their ultimate owner, the Vicky Ferrer Family Trust (the "Trust").

40.     On information and belief, Ferrer is the Trustee of the Trust.  On information and belief, Ferrer and his wife or former wife, April E. Ferrer, are the current beneficiaries of the Trust.  On information and belief, no current beneficiary of the Trust is a citizen of New York.

41.     On information and belief, at the time the Complaint was filed, Ferrer and April E. Ferrer were, and, as of the date of the filing of this Notice or Removal, are, residents of, domiciled in, and citizens of Texas.  On information and belief, for more than a decade, Ferrer and April E. Ferrer have owned residential real property near Dallas in Texas, have had their primary residence(s) near Dallas in Texas, have filed their income taxes in Texas as residents of Texas, have paid real and personal property taxes in Texas, have had Texas drivers' licenses, have owned automobiles that have been registered in Texas, and have registered to vote in Texas.  On information and belief, Ferrer and April E. Ferrer are not citizens of any state or jurisdiction other than Texas.

42.     Therefore, on information and belief, at the time the Complaint was filed, the Trust was, and, as of the date of the filing of this Notice of Removal, is, a citizen of Texas, given that its trustee and beneficiaries all are citizens of Texas.  Accordingly, the LLCs and limited partnerships owned, directly and indirectly, by the Trust all were and are citizens of Texas for diversity purposes, including Backpage.com, LLC, IC Holdings, LLC, Website Technologies, LLC, Dartmoor Holdings, LLC, Atlantische Bedrijven C.V., Kickapoo River Investments LLC, Lupine Holdings LLC, UGC Tech Group C.V., CF Holdings GP LLC, CF Acquisitions LLC, and Amstel River Holdings, LLC.

43.     On information and belief, none of the Backpage Entities are or ever have been citizens of New York.

44.     Accordingly, at the time the Complaint was filed, and as of the date of the filing of this Notice, complete diversity of citizenship existed and exists between Plaintiff (who, on information and belief, is a citizen of New York) and:  Lacey and me (who are citizens of Arizona); the Medalist Entities (which are citizens of Arizona and Delaware); Ferrer (who is a citizen of Texas): and the Backpage Entities (which also are citizens of Texas).  The citizenship of the fictitiously named defendants is disregarded.  28 U.S.C. § 1441(b)(1).

### Amount in Controversy

45.     Plaintiff's Complaint does not allege any specific amount of damages, but her Complaint shows, with at least a "reasonable certainty," that the amount in controversy exceeds the sum or value of $75,000.00.

46.     Plaintiff claims to be a "victim of sex trafficking within the meaning or [sic] 18 U.S.C. § 1591."  Complaint, ¶ 118.  Plaintiff alleges defendants failed to prevent, participated in, and/or are responsible for her being "sold for sex," sex "trafficked in various venues in the region," and "raped on many occasions each day."  Complaint, ¶ 122.  Plaintiff alleges defendants failed to prevent, participated in, and/or are responsible for her being "repeatedly raped, sexually abused and exploited by men who purchased her for sex." Complaint, ¶88.  As a result, Plaintiff claims to have "suffered substantial physical and psychological injuries, and other damage."  Complaint, ¶ 123.  More specifically, Plaintiff claims to have "suffered, and continues to suffer, general and special damages," including, but "not limited to, severe emotional distress, humiliation, mental anguish, physical and mental pain and suffering, a decrease in her ability to enjoy life, past and future medical expenses, attorneys' fees and costs, and other general and special damages."  Complaint, ¶ 89.

47.     Based on the allegations in Plaintiff's Complaint, the Court can conclude with "reasonable certainty" that it has original jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds the sum or value of $75,000.00.

For the reasons set forth above, I remove the State Court Action from the Supreme Court of New York, New York County, to the United States District Court for the Southern District of New York.

August 21, 2020.

s/ *James Larkin*
James Larkin
Post Office Box 4193
Scottsdale, AZ 85261
(602) 432-0115
22ndstreet@protonmail.com
*In Propria Persona*

To:

James R. Marsh
Jennifer Freeman
Robert Y. Lewis
Marsh Law Firm PLLC
151 E Post Road, Suite 102
White Plains, NY 10601-5210

Michael T. Pfau
Jason P. Amala
PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St., Suite 500
Seattle, WA 98104