UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELANIE THOMPSON,<br><br>      Plaintiff,<br><br>  v.<br><br>BACKPAGE.COM, L.L.C.; CARL FERRER; JAMES LARKIN; MICHAEL LACEY; MEDALIST HOLDINGS, INC.; LEEWARD HOLDINGS, L.L.C.; CAMARILLO HOLDINGS, L.L.C.; DARTMOOR HOLDINGS, L.L.C.; IC HOLDINGS, L.L.C.; UGC TECH GROUP C.V.; WEBSITE TECHNOLOGIES, LLC;  ATLANTISCHE BEDRIJVEN C.V.; AMSTEL RIVER HOLDINGS, LLC; LUPINE HOLDINGS LLC; KICKAPOO RIVER INVESTMENTS LLC; CF HOLDINGS GP, LLC; CF ACQUISITIONS, LLC; and JOHN DOE 1-5,<br><br>      Defendants. | Civ. No. 1:20-cv-06734-UA<br><br><br>**MEMORANUM OF LAW IN SUPPORT OF MOTION TO STAY THIS ACTION PURSUANT TO 18 U.S.C. § 1595(b)(1) AND 18 U.S.C. 3509(k)** |

## Introduction

This civil action asserts numerous claims against defendants, including a claim under the Trafficking Victims Protection Reauthorization Act of 2008, 18 U.S.C. § 1595 (the "TVPRA"). The TVPRA requires that any civil action filed under it be stayed during the pendency of any criminal action arising out of the same occurrence in which the plaintiff was an alleged victim. Because there are such parallel criminal proceedings pending, in the United States District Court for the District of Arizona and elsewhere, the Court must stay this civil action until the conclusion of those parallel criminal actions.

Likewise, because Plaintiff seeks to recover compensation for damage or injury to her person when she was a child, and because parallel criminal proceedings are pending, the Victims of Child Abuse Act ("VCAA"), 18 U.S.C. § 3509 *et seq.*, also requires the Court to stay this civil action until the conclusion of those parallel criminal actions.

## Background

In her Complaint, Plaintiff Melanie Thompson ("Plaintiff") alleges that she was a victim of sex trafficking when she was approximately 12 to 17 years old. Dkt. 1, Complaint, ¶ 3. Plaintiff alleges she suffered substantial physical and psychological injuries from being trafficked. *Id.*, ¶ 123. Plaintiff also alleges that her sex traffickers facilitated her trafficking by placing classified ads on the Backpage.com website, *id., ¶ 3,* (then the second largest online classified advertising website in the country after craigslist.org). Plaintiff alleges that ads causing harm to her ran on Backpage.com "when she was a minor from approximately 2009 to 2016." *Id.*, ¶ 79.

Plaintiff alleges that defendants owned, operated, designed, or controlled Backpage.com, Dkt. 1, Complaint, ¶¶ 4 – 20, and, as a result, are responsible for the damages she suffered from her trafficking.  Plaintiff alleges that, by operating the website, defendants " knowingly participated in illegal sex trafficking ventures, all in violation of the TVPRA." *Id.*, ¶ 119.  Plaintiff seeks damages from defendants under the TVPRA, as well as under other theories.  Dkt. 1, Complaint, ¶¶ 117 – 123.

The United States of America has commenced three criminal actions in the United States District Court for the District of Arizona related to the operation of Backpage.com.  Defendants Backpage.com, L.L.C., Website Technologies, LLC, Amstel River Holdings, LLC, and UGC Tech Group C.V. are named as defendants in *United States of America v. Backpage.com, LLC, et al.*, No. CR-18-00465-PHX-SMB ("*U.S. v. Backpage.com*").  Defendant Carl Ferrer is named as a defendant in *United States of America v. Carl Ferrer*, No. CR-18-00464-PHX-SMB ("*U.S. v. Ferrer*").  Defendants James Larkin and Michael Lacey are named as defendants in *United States of America v. Michael Lacey, et al.*, No. CR-18-00422-PHX-SMB ("*U.S. v. Lacey*").  In those criminal actions, the government makes sweeping allegations that the operation of Backpage.com was unlawful from its creation in 2004 until it was shut down in 2018.  The government has identified Plaintiff as a victim, as well as a witness, in *U.S. v. Lacey*.

Defendants Carl Ferrer and Backpage.com, L.L.C. also are named as criminal defendants in actions pending in the state courts in California and Texas arising out of the operation of Backpage.com.

## Applicable Law

As applicable here, the TVPRA provides that "[a]n individual who is a victim of [sex trafficking] may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in [sex trafficking] )." 18 U.S.C. § 1595(a).  The statute requires, however, that "[a]ny civil action filed under [18 U.S.C. § 1595(a)] shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1).  The TVPRA defines a "criminal action" to include "investigation and prosecution" and says a criminal action "is pending until final adjudication in the trial court."  18 U.S.C. § 1595(b)(2).

Similarly, Section 3509(k) of the VCAA requires that any "civil action" with a "cause of action for recovery of compensation for damage or injury to the person of a child" "shall be stayed" if "a criminal action is pending which arises out of the same occurrence and in which the child is the victim."  18 U.S.C. § 3509(k).  The civil action "shall be stayed until the end of all phases of the criminal action," meaning "until its final adjudication in the trial court."  *Id*.

. . .

. . .

. . .

. . .

. . .

**Argument**

I. **THIS ACTION MUST BE STAYED PURSUANT TO 18 U.S.C. § 1595(b)(1) UNTIL THE CONCLUSION OF THE PARALLEL CRIMINAL CASES.**

    A. **This is a Civil Action Under Section 1595(a) of the TVPRA.**

In her Complaint, Plaintiff asserts her "SEVENTH CAUSE OF ACTION" under the "TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT OF 2008, 18 U.S.C. § 1595." Dkt. 1, Complaint, p. 35 of 38. Plaintiff alleges that she "is a victim of sex trafficking within the meaning of 18 U.S.C. § 1591" and that she is "entitled to bring a civil action under 18 U.S.C. § 1595" against defendants. *Id.*, ¶ 118. Plaintiff further alleges that defendants "knowingly participated in illegal sex trafficking ventures, all in violation of the TVPRA" and that, as a result of their alleged "violations of the TVPRA, Plaintiff has suffered substantial physical and psychological injuries, and other damage." *Id.*, ¶¶ 119 & 123. As such, this case unquestionably is a civil action filed under 18 U.S.C. § 1595(a).

    B. **There Are Criminal Actions Pending Arising Out of the Same Occurrence in Which Plaintiff Is Alleged to Be a Victim.**

Unquestionably, there are criminal actions pending that arise out of the same occurrence in which Plaintiff is the victim. First, *U.S. v. Lacey* is a pending criminal case relating to the operation of Backpage.com, with the trial currently scheduled to commence on January 12, 2021. *U.S. v. Lacey*, Dkt. 1031 (Order Resetting Trial) (attached as Exhibit A). *U.S. v. Lacey* arises out of the same occurrence in which Plaintiff is the victim, as the government has identified Plaintiff as one of the alleged

victims of the charged crimes. *See U.S. v. Lacey*, United States' Preliminary Witness List (excerpted and redacted) (attached as Exhibit B).

Second, in each of the three criminal actions pending in the District of Arizona, the government alleges that the operation of Backpage.com was unlawful from its inception in 2004 until it ceased operation in 2018. For example, in *U.S. v. Lacey*, the United States' conspiracy charge alleges that:

> [b]eginning in or around 2004, and continuing through April 2018, in the District of Arizona and elsewhere, defendants LACEY, LARKIN, SPEAR, BRUNST, HYER, PADILLA, and VAUGHT, and others known and unknown to the grand jury, knowingly and intentionally agreed, confederated, and conspired with each other, and with others known and unknown to the grand jury, to commit the following offenses against the United States:  a. 18 U.S.C. § 1952(a)(3)(A) (Travel Act—Facilitate Prostitution).

*U.S. v. Lacey,* Dkt. 230 (Superseding Indictment), ¶ 196.

Given the sweeping nature of the government's charges in the District of Arizona, those cases arise out of the same circumstance in which Plaintiff alleges she is a victim, regardless of whether Plaintiff is or is not explicitly named as a victim. *See Florida Abolitionist, Inc. v. Backpage.com LLC*, Case No. 6:17-cv-218-Orl-28TBS (M.D. Fla. Dec. 6, 2018). In *Florida Abolitionist*, the District Court held that the sweeping charges in *U.S. v. Ferrer* and *U.S. v. Backpage.com* meant that those criminal actions arose out of the same occurrence as the plaintiffs' claims in that action even though those plaintiffs were not explicitly alleged to be victims in the criminal cases:

> Plaintiffs also contend that § 1595(b)(1) does not require a stay here because the pending criminal actions against Ferrer and Backpage do not 'aris[e] out of the same occurrence in which the claimant is the victim.' They contend that none of the Plaintiffs in this case is alleged to be a victim

> in the pending criminal cases.  However, the nature of the allegations against Ferrer and Backpage.com in both this case and the criminal matters—involving sweeping, systematic practices that allegedly harmed many victims in the same fashion—renders the situation at hand unique.  And as Movants point out, Plaintiffs cite and rely heavily on the pending criminal matters in describing Defendants' conduct in this case.  Under these circumstances, this Court finds that § 1595(b)(1) provides for a stay.

*Id.*, Dkt. 159 (Order Granting Motion to Stay), pp. 3 - 4 (attached as Exhibit C).  As in *Florida Abolitionist*, Plaintiff's Complaint here also cites at length and relies on the pleas of Ferrer and Backpage in the Arizona criminal proceedings.  Dkt. 1, Complaint, ¶¶ 72 – 77. The *U.S. v. Ferrer* and *U.S. v. Backpage.com* cases also remain pending, and there has been no final adjudication in those cases, because the pleas the defendants entered in those cases have not been accepted, no sentences have been imposed, and substantial ancillary proceedings have yet to be held.  *See Florida Abolitionist*, Dkt. 159 (Order Granting Motion to Stay), pp. 3 – 4 (attached as Exhibit C).

      Third, in addition to the three pending criminal actions in the District of Arizona, defendant Carl Ferrer is a defendant in pending criminal proceedings in the state courts in Sacramento County, California, and in Nueces County, Texas, and defendant Backpage.com, L.L.C. is a defendant in criminal proceedings in in Nueces County, Texas.  *People of the State of California v. Carl Ferrer*, Case No. 16FE024013, Sacramento County, California; *State of Texas v. Carl Ferrer*, Case No. 18FC-1652C, 94th District Court of Nueces County, Texas; *State of Texas v Backpage.com, LLC*, Case No. 18FC-1653C, 94th District Court of Nueces County, Texas.  On information and belief, those cases also remain pending and the pendency of those cases also requires a

stay. *See Florida Abolitionist*, Dkt. 159 (Order Granting Motion to Stay), pp. 3 – 4 (attached as Exhibit C).

        **C.**        **The TVPRA Requires This Action to Be Stayed As to All Defendants and All Claims Until the Conclusion of the Criminal Proceedings.**

Section 1595(b)(1) of the TVPRA imposes a "mandatory stay" of any action brought under the TVPRA, during the pendency of a criminal proceeding arising out of the same occurrence, to "protect prosecutors' abilities to try their case unfettered by the complications of civil discovery." *Lunkes v. Yannai*, 882 F. Supp. 2d 545, 549 (S.D.N.Y. 2012). Section 1595(b)(1) requires a stay as to all defendants in a case, not just as to defendants who also are criminal defendants. *Id.* at 550 ("the risk of interference with the criminal case is fully addressed only by extending the stay to all defendants"). Likewise, Section 1595 requires a stay as to all claims in a case, not just as to claims arising under the TVPRA. *Id.* ("Section 1595 requires the stay of '[a]ny civil action' to which it is applicable; it does not speak of staying particular claims."). The mandatory stay extends "until the final adjudication in the trial court," which means through "sentencing and entry of final judgment." *Id.* at 549.

As Plaintiff has asserted a claim under 18 U.S.C. § 1595(a), and there are pending criminal proceedings arising out of the same occurrence in which Plaintiff is the victim, 18 U.S.C. § 1595(b)(1) requires the Court to stay this action until the final adjudication in the trial court of the parallel criminal actions.

. . .

. . .

## II.   THIS ACTION ALSO MUST BE STAYED PURSUANT TO 18 U.S.C. § 3509(k) UNTIL THE CONCLUSION OF THE PARALLEL CRIMINAL CASES.

Like the mandatory stay provisions in the TVPRA, Section 3509(k) of the VCAA also requires the Court to stay this civil case until the final adjudication of the parallel criminal proceedings.  Plaintiff's Complaint unambiguously alleges that she seeks compensation for damage or injury to the person of a child, as she alleges she was victimized when she was 12 to 17 years of age, causing her physical and psychological injuries.  Dkt. 1, Complaint, ¶ 3 ("Plaintiff Melanie Thompson was approximately 12 to 17 years old when she was trafficked in the sex trade through the www.backpage.com website."); ¶ 123 ("As a result of the Backpage Defendants' violations of the TVPRA, Plaintiff has suffered substantial physical and psychological injuries, and other damage.").  Plaintiff apparently no longer is a minor, but the statute nonetheless requires a stay because she seeks damages for injuries suffered when she was a minor.  *Doe v. Francis*, No. 5:03 CV 260 MCR/WCS, 2005 WL 950623, at *2 (N.D. Fla. Apr. 20, 2005) ("§ 3509(k) . . . requires a stay . . . because the victims were minors at the time of the Defendants' actions").

Because Plaintiff seeks to recover compensation for damages or injuries to her person that were incurred when she was a child, and because there are parallel criminal actions pending arising from the same occurrence in which she was a victim, the VCAA independently requires the Court to stay this civil case until the final adjudication of the parallel criminal proceedings.

. . .

## Conclusion

The Court should stay this civil action until the final adjudication of all parallel criminal proceedings, pursuant to both the TVPRA and the VCAA.

August 25, 2020.

s/ *James Larkin*
James Larkin
Post Office Box 4193
Scottsdale, AZ 85261
(602) 432-0115
*In Propria Persona*

To:

James R. Marsh
Jennifer Freeman
Robert Y. Lewis
Marsh Law Firm PLLC
151 E Post Road, Suite 102
White Plains, NY 10601-5210

Michael T. Pfau
Jason P. Amala
PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St., Suite 500
Seattle, WA 98104