## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELANIE THOMPSON,<br><br>*Plaintiff*,<br><br>v.<br><br>BACKPAGE.COM, L.L.C., CARL FERRER; JAMES LARKIN; MICHAEL LACEY; MEDALIST HOLDINGS, INC.; LEEWARD HOLDINGS, L.L.C.; CAMARILLO HOLDINGS, L.L.C.; DARTMOOR HOLDINGS, L.L.C.; IC HOLDINGS, L.L.C.; UGC TECH GROUP C.V.; WEBSITE TECHNOLOGIES, LLC; ATLANTISCHE BEDRIJVEN C.V.; AMSTEL RIVER HOLDINGS, LLC; LUPINE HOLDINGS LLC; KICKAPOO RIVER INVESTMENTS LLC; CF HOLDINGS GP, LLC; CF ACQUISITIONS, LLC; and JOHN DOE 1-5,<br><br>*Defendants*. | 20-cv-06734 (JGK) |

## MICHAEL LACEY'S MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFF'S MOTION TO LIFT STAY

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ............................................................................................1

BACKGROUND ..............................................................................................1

   I.   Plaintiff commences a civil action that is stayed.............................................1

   II.   Plaintiff files a motion to lift the stay. ........................................................5

   III.   Four of the Pending Criminal Cases remain open and unresolved.............6

ARGUMENT .................................................................................................8

   I.   A stay is mandatory under 18 U.S.C. § 1595(b)(1)....................................10

     A.   This is a "civil action" filed under TVPRA § 1595(a)..............................11

     B.   Four of the Pending Criminal Cases remain open and unresolved............12

     C.   This "civil action" arises out of the "same occurrence" as the unresolved Pending Criminal Cases....................................................................12

   II.   VCAA § 3509(k) independently requires a stay. .......................................14

CONCLUSION...............................................................................................15

# TABLE OF AUTHORITIES

## Cases

*A.B. v. Salesforce, Inc.*, 2025 U.S. Dist. LEXIS 212032 (S.D. Tex. Oct. 28, 2025) .................................................................................................................15

*A.S. v. Salesforce, Inc.,* 2025 U.S. Dist. LEXIS 196935 (N.D. Tex. Oct. 21, 2025) .................................................................................................................15

*Bradberry v. Abercrombie & Fitch Co.*, 2024 U.S. Dist. LEXIS 196749 (S.D.N.Y. Oct. 29, 2024)..........................................................................................11

*Doe v. Athens Cnty.*, 2022 U.S. Dist. LEXIS 89151 (S.D. Ohio May 18, 2022)....12

*Doe v. Fitzgerald*, 2022 U.S. Dist. LEXIS, at *13 (C.D. Cal. Dec. 14, 2022)........12

*Doe v. J.P. Morgan Chase Bank*, 687 F. Supp. 3d 405, 415 (S.D.N.Y. 2023) ...1, 12

*Lunkes v. Yannai*, 882 F. Supp. 2d 545 (S.D.N.Y. 2012)........................................11

*Y.R. v. Manzano*, No. 3:18-cv-402 (SRU), 2022 U.S. Dist. LEXIS 166060 (D. Conn. Sept. 15, 2022) ................................................................................. 16, 17

## Statutes

18 U.S.C. § 1595................................................................................... passim

18 U.S.C. § 1595(6)(1)...............................................................................5

18 U.S.C. § 1952(a)(3)(A) ..........................................................................7

18 U.S.C. § 3509(k) ................................................................. 3, 4, 5, 14

## INTRODUCTION

Michael Lacey, by and through his undersigned counsel, respectfully requests that this Court deny Plaintiff's Motion to Lift the Stay ("Motion").  (*See* Doc. 31.)[1]

There is no basis to lift the stay.  It is mandatory under the two statutes at issue.  No court has found the stay provision of those statutes to be discretionary.  Instead, courts have uniformly held that the stay provisions not only are mandatory, but are "automatic."  *Doe v. J.P. Morgan Chase Bank*, 687 F. Supp. 3d 405, 415 (S.D.N.Y. 2023).  Plaintiff, too, has previously stated that a stay was "require[d]" under the controlling statutes.  (*See* Doc. 9, ¶¶ 3-5, 7.)  Plaintiff has not provided a single case that permits this Court to lift the stay at this time.  Consequently, the Motion should be denied, and the stay should remain in place as to all defendants and all claims in this action.

## BACKGROUND

### I.    Plaintiff commences a civil action that is stayed.

On January 21, 2020, Plaintiff filed a summons and complaint ("Complaint") in New York State Supreme Court, New York County, against Backpage.com, LLC

---

[1]    Lacey does not believe the Court has personal jurisdiction over him and will assert jurisdictional and other defenses when it becomes appropriate to do so.

("Backpage"), Carl Ferrer ("Ferrer"), James Larkin ("Larkin"), Michael Lacey ("Lacey"), Medalist Holdings, Inc. ("Medalist"), additional corporate defendants, and John Does 1-5 (collectively, "Defendants"). (Doc. 1-2, pp. 7-41.)[2]

Plaintiff alleged that the Defendants, through their operation of the Backpage website, "intentionally create[ed] an online marketplace to purchase sex." (*Id*. p.7, ¶ 1.) She alleged that "when she was approximately 12 years old," she was "trafficked and sold for sex on the website www.backpage.com." (*Id*. p.7, ¶ 1.)

She alleged that Defendants knew that 99% of the ads posted to the "escort" section of the website were ads for illegal prostitution. (*Id*. p. 20, ¶ 42.) She alleged that Backpage business practices facilitated her trafficking. (*Id*. pp. 31-33, ¶¶ 78-89.) Among other things, she alleged that Defendants marketed the site to traffickers by "help[ing] sex traffickers create and develop sex advertisements." (*Id*. p.7, ¶ 1.) She alleged that the purpose of Backpage's policy of banning certain words or phrases from ads was to sanitize or disguise ads for sex. (*Id*. pp. 18-20, ¶¶ 58-63.) She alleged that Defendants "specifically devised or developed 'posting rules'" to allow website users to "post prostitution and child-prostitution ads that were less detectible by law enforcement." (*Id*. p. 15, ¶ 49.) She alleged that "Defendants also

---

[2]    For clarity, the page numbers referred to in the citations to the Complaint are the ECF page numbers for the document that contains the Complaint, which is Doc. 1-2.

employed a sophisticated set of 'moderation practices' to directly develop and enhance the illegal content of individual sex ads" on the website. (*Id*. p. 16, ¶ 53.) Plaintiff alleged that, due to these practices, "Defendants reaped hundreds of millions of dollars in profits from ads that they knew involved sex trafficking, prostitution, and even child prostitution." (*Id*., p. 28, ¶ 68.)

In addition to these allegations, Plaintiff quoted from guilty pleas entered in prosecutions brought in the United States District Court for the District of Arizona involving Ferrer in a case captioned *United States v. Ferrer*, 18-CR-464, and a former Backpage employee, Daniel Hyer ("Hyer"), in a case captioned *United States v. Lacey*, 18-CR-422. (*See id*. pp. 29-31, ¶¶ 72-77.)

Among other claims, Plaintiff asserted a claim against Defendants under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595 ("TVPRA"). (*See id*. pp. 38-39, ¶¶ 117-23.) Plaintiff sought compensatory and punitive damages. (*See id*., p. 39, ¶ 125.)

On August 21, 2020, Larkin, appearing *pro se*, removed this action to this Court. (Doc. 1.)

On August 25, 2020, Larkin, *pro se*, moved to stay this action under the stay provision of the TVPRA, 18 U.S.C. § 1595(b)(1), and the stay provision of the Victims of Child Abuse Act ("VCAA"), 18 U.S.C. § 3509(k). (Docs. 2-3.)

On October 5, 2020, Plaintiff and Mr. Larkin jointly filed a Stipulation to Stay This Action Pursuant to 18 U.S.C. § 1595(b)(1) and 18 U.S.C. § 3509(k) ("Stipulation"). (*See* Doc. 9.) In the Stipulation, Plaintiff stated that her Complaint asserted a claim under the TVPRA and was a "civil action" with a "cause of action for recovery of compensation for damage or injury to the person of a child" under the VCAA (*id*. ¶¶ 1-2, 7), meaning that both the TVPRA and VCAA controlled here. Plaintiff stipulated that she was a "victim of sex trafficking." (*Id*. ¶ 2.) She further stipulated that "[t]here are six criminal actions pending that arise out of the same occurrence in which Plaintiff is the victim." (*Id*. ¶ 4.) Those criminal actions, which were defined as the "Pending Criminal Cases," were identified as:

A.    *United States v. Ferrer*, U.S.D.C., Dist. of Ariz. Case No. 18-CR-464

B.    *United States v. Backpage.com, LLC*, U.S.D.C., Dist. of Ariz. Case No. 18-CR-465

C.    *United States v. Lacey*, U.S.D.C., Dist. of Ariz. Case No. 18-CR-422

D.    *People of the State of California v. Ferrer, Lacey*, California Superior Court, Sacramento County Case No. 16FE024013;

E.    *State of Texas v. Ferrer*, Dist. Ct. for the 94th Judicial Dist. in Nueces County Texas Case No. 18FC-1652C; and

F.    *State of Texas v. Backpage.com, LLC*, Dist. Ct. for the 94th Judicial Dist. in Nueces County Texas Case No. 18FC-1653C

(*Id*.)

Due to the "Pending Criminal Cases," Plaintiff stipulated that the TVPRA "requires that this action be stayed, as to all parties and all claims, until final adjudication in the trial court, which means through sentencing and entry of final judgment in each of the Pending Criminal Cases." (*Id*. ¶ 5 (citations and quotations omitted).) She also stipulated that, "[b]ecause [her] complaint asserts claims within the scope of the VCAA, the VCAA also requires that this case be stayed, as to all parties and all claims, through sentencing and entry of final judgment in each of the Pending Criminal Cases." (*Id*. ¶ 7.)

On October 13, 2020, this Court issued an Order Staying This Action Pursuant to 18 U.S.C. § 1595(b)(1) and 18 U.S.C. § 3509(k) ("Stay Order"). (Doc. 10.) This Court ruled that the stay would be in place "pursuant to 18 U.S.C. § 1595(6)(1) and 18 U.S.C. § 3509(k) until the final adjudication in the trial court *(i.e.* through sentencing and entry of final judgment) of all" of the "Pending Criminal Cases" listed in the Stipulation. (*Id*. at 1-2.) This Court ordered the parties to "notify the Court, in writing, of the final adjudication in the trial court of ***all the Pending Criminal Cases***, within thirty (30) days after the final adjudication of the last of the Pending Criminal Cases. (*Id*. at 2 (emphasis added).)

## II.    Plaintiff files a motion to lift the stay.

On October 31, 2025, filed the Motion. (*See generally*, Doc. 31.)

5

**III.    Four of the Pending Criminal Cases remain open and unresolved.**

Since the entry of the Stay Order, there have been developments in the Pending Criminal Cases.  As relevant here, both Ferrer and Backpage were sentenced in September in the District of Arizona with final judgments issued in both cases.  Consequently, Pending Criminal Cases A and B listed above no longer provide a basis for a stay in this action.  However, the remaining Pending Criminal Cases (Cases C through F) are open and unresolved.

Notably, although the government's charges against most defendants in *United States v. Lacey* (Pending Criminal Case C) have been finally adjudicated in the trial court after a trial, there are 34 unresolved counts pending against Lacey. (*See* Paris Decl. ¶ 12.)  The jury convicted Lacey of one count of money laundering, acquitted him of one count of money laundering, and hung as to the remaining 84 counts.  (*See id*. ¶ 8.)  The District Court then acquitted Lacey of 50 of the unresolved counts, leaving 34 charges pending against him, and his single count of conviction in place.  ¶ 10.)[3]  The government has stated its intent to retry Lacey on the 34

_____

[3]    The case has an unusual procedural posture because, over Lacey's objection, the District Court sentenced him on his one count of conviction, entered judgment on that one count, and ordered him incarcerated, notwithstanding the 34 unresolved criminal charges pending against him in that case.  (*See* Paris Decl. ¶ 11.)  Lacey appealed and subsequently was released on bail by the

remaining charges.  (*See* Paris Decl. ¶ 9; *see also* Ex. B.)  Although the government

ultimately did not call Plaintiff as a witness at the trial, she was identified by the

government as a "victim" in the case and one of its witnesses.  (*See* Paris Decl. ¶ 7.)

The 34 unresolved counts against Lacey include charges for conspiracy to vi-

olate the Travel Act, substantive Travel Act violations, and money laundering

charges.  (*See id*. ¶ 10.)  The case centers on a sweeping conspiracy charge, unre-

solved as to Lacey, that alleges that, by operating the Backpage website, Lacey, Lar-

kin, Ferrer, and others engaged in a conspiracy to facilitate prostitution in violation

of the Travel Act spanning 2004 to 2018:

> Beginning in or around 2004, and continuing through
> April 2018, in the District of Arizona and elsewhere, de-
> fendants LACEY, LARKIN, SPEAR, BRUNST, HYER,
> PADILLA, and VAUGHT, and others known and un-
> known to the grand jury, knowingly and intentionally
> agreed, confederated, and conspired with each other, and
> with others known and unknown to the grand jury, to com-
> mit the following offenses against the United States:  a. 18
> U.S.C. § 1952(a)(3)(A) (Travel Act—Facilitate Prostitu-
> tion).

(*See* Paris Decl. Ex. A at ¶ 196.)

---

Court of Appeals for the Ninth Circuit.  (*See id*.)  His appeal of his sole count of conviction is

pending before the Ninth Circuit.  (*See id*.)

The Superseding Indictment alleges that the following activities supported the conspiracy charge:

- Backpage's systematic practices relating to classified ads posted to adult categories on the website by its users (including Backpage's moderation and marketing practices);

- the defendants' alleged knowledge that some advertising on the website related to unlawful activities;

- the continued operation of the Backpage.com website despite that alleged knowledge and despite calls to shutter the website; and

- Backpage's significant revenues and profits.

(*See id.* ¶¶ 1-152.)

Additionally, Lacey has unresolved money laundering charges pending against him in *People v. Ferrer* (Pending Criminal Case D).  (*See* Paris Decl. ¶ 13.)

Finally, to Lacey's knowledge, the actions pending against Ferrer and Backpage in the State of Texas (Pending Criminal Cases E and F) have not yet reached final adjudication.  (*See id.* ¶ 15.)

## ARGUMENT

A stay is mandatory here for two reasons.  First, Plaintiff filed a Stipulation indicating that a stay was required in this case under the stay provisions of both the

TVPRA and VCAA. (Doc. 9.) This Court then ordered that a stay would remain in place until "the final adjudication . . . of *all* of . . . the 'Pending Criminal Cases.'" (Doc. 10 at 1 (emphasis added). Four of the Pending Criminal Cases are open and unresolved. Consequently, by the terms of the Stipulation to which Plaintiff was a party, and this Court's subsequent Stay Order, the stay must remain in place.

Second, as discussed below, even if Plaintiff had not stipulated that a stay was mandatory here, the record demonstrates that the stay is mandatory under the stay provisions of both the TVPRA and the VCAA. Courts have uniformly held that the stay provisions are mandatory. Tellingly, Plaintiff has not provided this Court with a single case that permits this Court to lift the stay. There are no exceptions to the stay provisions for a plaintiff's renewed interest in proceeding to the merits of her case, a plaintiff attaining the age of majority, the death of a defendant, the existence of prior civil litigation and discovery, or the length of time a civil case has been pending under a stay. The plain text of the stay provisions in the TVPRA and VCAA leave no wiggle room whatsoever for a civil plaintiff to pursue a civil action while related criminal actions, like some of the Pending Criminal Cases, have not yet reached final adjudication.

## I.     A stay is mandatory under 18 U.S.C. § 1595(b)(1).

The TVPRA permits a victim of sex trafficking to bring a civil action against the perpetrator, or whoever knowingly benefits from participation in a sex trafficking venture, 18 U.S.C. § 1595(a), but expressly provides that:

> Any civil action filed under [§ 1595(a)] ***shall*** be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim.

18 U.S.C. § 1595(b)(1) (emphasis added). A "criminal action" includes both "investigation and prosecution" and remains "pending until final adjudication in the trial court." *Id*. § 1595(b)(2).

Congress included the "mandatory stay provision" in the TVPRA to ensure that criminal prosecutions take precedence over civil suits, by requiring that prosecutions be completed before civil suits proceed.  *See Lunkes v. Yannai*, 882 F. Supp. 2d 545, 549 (S.D.N.Y. 2012).  "Under the TVPRA, a civil case must be stayed if (1) a criminal action is pending, (2) the action arises out of the same occurrence as the civil action, and (3) the plaintiff in the civil action is also a victim in the criminal action." *Bradberry v. Abercrombie & Fitch Co.*, 2024 U.S. Dist. LEXIS 196749, at *5 (S.D.N.Y. Oct. 29, 2024).  "A stay under 18 U.S.C. § 1595 applies to all defendants and all claims in a case, even if the civil case contains defendants and/or claims

that are not at issue in the concurrent criminal action." *Id*.[4] The mandatory stay extends "until the final adjudication in the trial court," which means through "sentencing and entry of final judgment." *Lunkes*, 882 F. Supp. 2d at 549.

Courts have uniformly held that there is no wiggle room under the TVPRA. The stay is mandatory and "automatic." *J.P. Morgan Chase Bank*, 687 F. Supp. 3d at 415. Plaintiff's interest in proceeding on the merits is not a consideration for courts in applying this stay provision. *See Doe v. Athens Cnty.*, 2022 U.S. Dist. LEXIS 89151, at *2-3 (S.D. Ohio May 18, 2022) (rejecting plaintiff's request to apply a balancing test to the TVPRA stay provision).

## A.    This is a "civil action" filed under TVPRA § 1595(a).

Plaintiff expressly alleged a cause of action against Defendants under the TVPRA.  (*See id*. pp. 38-39, ¶¶ 117-23.)  As a result, this case plainly is a "civil action" filed under 18 U.S.C. § 1595(a) that is subject to the stay provision.

---

[4]    *Accord Doe v. Fitzgerald*, 2022 U.S. Dist. LEXIS, at *13 (C.D. Cal. Dec. 14, 2022) ("[E]very district court to consider the issue has apparently determined that the plain language of the statute requires a stay of 'any civil action,' and is, therefore[,] not limited to particular defendants or claims"), *aff'd.* 102 F.4th 1089, 1101 (9th Cir. 2024) ("[W]e hold that the word 'action' in § 1595(b)(1) reflects its ordinary meaning and encompasses the entire civil lawsuit").

**B.     Four of the Pending Criminal Cases remain open and unresolved.**

Pending Criminal Cases C through F remain open and unresolved.  Lacey, in particular, has unresolved charges pending against him in *United States v. Lacey* and *People v. Ferrer* (Pending Criminal Cases C and D).

Although there has been a final adjudication of all the charges brought against Lacey's co-defendants in *United States v. Lacey*, the fact that there are 34 unresolved charges pending against Lacey means that the Stay Order must remain in place.  Indeed, as other courts have explained, even when there was no overlap in defendants between the civil and criminal cases, a civil case nonetheless must be stayed until the criminal case is adjudicated to a final entry of judgment.  *See Athens Co.*, 2022 U.S. Dist. LEXIS 89151, at *3-4 (S.D. Ohio May 18, 2022) (granting defendant Athens County's motion to stay and holding that Section 1595(b)(1) "does not contain any limiting language suggesting that it applies only when there is an overlap in defendants in the relevant civil and criminal actions").

**C.     This "civil action" arises out of the "same occurrence" as the unresolved Pending Criminal Cases.**

Plaintiff and Larkin stipulated that the Pending Criminal Cases arose out of the "same occurrence" as this civil action. (Doc. 9, ¶ 4.)  However, even if Plaintiff had not stipulated to that fact, Plaintiff's allegations in this civil action mirror the allegations of the unresolved conspiracy count pending against Lacey in *United*

*States v. Lacey* (Pending Criminal Case C).  As discussed above, both this Complaint and the Arizona indictment are premised on Backpage's systemic practices, including marketing and moderation practices, the continued operation of the website even after the Defendants purportedly learned that prostitutes and/or sex traffickers had posted ads to the website, and the revenues that Backpage earned over the course of its operations.  The Complaint alleges no facts beyond those tracking the Arizona indictment to provide a basis for liability.  Indeed, the Complaint quotes from the pleas of Backpage's employees, Ferrer and Hyer, both of whom pleaded guilty to the conspiracy charge that remains outstanding against Lacey.  (*See* Doc. 1-2, pp. 29-31, ¶¶ 72-77.)  Further, the government identified Plaintiff as a "victim" in its Arizona criminal case, when listing her as a potential witness.  (*See* Paris Decl. ¶ 7.)

Courts have consistently held that civil plaintiffs who assert claims under the TVPRA concerning their alleged trafficking on the Backpage website have brought a "civil action" that arises out of the "same occurrence" as the outstanding charges pending against Lacey in the District of Arizona in *United States v. Lacey* (Pending Criminal Case C).  *See A.B. v. Salesforce, Inc.*, 2025 U.S. Dist. LEXIS 212032 (S.D. Tex. Oct. 28, 2025); *A.S. v. Salesforce, Inc.,* 2025 U.S. Dist. LEXIS 196935 (N.D. Tex. Oct. 21, 2025); *see also Doe v. Salesforce, Inc.,* No. 3:23-cv-0915-B (N.D. Tex. Oct. 21, 2025) (Dkt. 105) (Paris Decl. Ex. C); *Florida Abolitionist, Inc. et al. v.*

*Backpage.com LLC*, Case No.: 6:17-cv-218 JA TBS (M.D. Fla. Dec. 5, 2018) (Dkt. 159) (Paris Decl. Ex. D).

## II.    VCAA § 3509(k) independently requires a stay.

Section 3509(k) of the VCAA independently requires a stay of this civil action until the final adjudication of the Pending Criminal Cases.  The Complaint unambiguously seeks compensation for damage or injury to the person of a child.  (Doc. 1-2, p.7, ¶ 1; and p. 39, ¶ 125.)  Courts in this Circuit have clearly held that "a stay pursuant to 18 U.S.C. § 3509(k) is mandatory."  *Y.R. v. Manzano*, No. 3:18-cv-402 (SRU), 2022 U.S. Dist. LEXIS 166060, at *7 (D. Conn. Sept. 15, 2022).  There is no exception to this mandatory stay for a plaintiff who has attained the age of majority.  Indeed, Plaintiff was of the age of majority by the time she brought this action and at the time she stipulated that a stay of this action was required.  (*See* Doc. 1-2, p. 25, ¶¶ 78-79.)  The stay applies when the injuries suffered occurred when the plaintiff was a minor, which is met here.

Because Plaintiff seeks to recover compensation for damages or injuries to her person that were incurred when she was a child, and because there is a criminal action pending arising from the same occurrence in which she must be considered a victim, the VCAA independently requires the Court to stay this civil case until the final adjudication of the parallel criminal proceedings.  *See Y.R.*, 2022 U.S. Dist. LEXIS 166060, at *7.

14

## CONCLUSION

For all these reasons, this Court should deny the Motion and keep the Stay Order in place until final adjudication of the Pending Criminal Cases. At a minimum, the Stay Order must remain in place as to all Defendants and all claims until final adjudication of the 34 unresolved charges pending against Lacey in *United States v. Lacey*, Pending Criminal Case C.

DATED:      Nov. 24, 2025          Respectfully submitted,

*/s/ Erin McCampbell Paris*
Erin McCampbell Paris
MAURICE WUTSCHER, LLP
50 Fountain Plaza, Suite 1400
Buffalo, New York 14202
716-261-4703
eparis@mauricewutscher.com

*Counsel for Michael G. Lacey*

## CERTIFICATE OF COMPLIANCE

I hereby certify that Michael Lacey's Memorandum of Law in Opposition to Plaintiff's Motion to Lift the Stay contains 3295 words.  Additionally, I certify that this pleading is in compliance with the formatting rules found in this Court's Individual Practices.

DATED:     Nov. 24, 2025       Respectfully submitted,

                                 */s/ Erin McCampbell Paris*
                                 Erin McCampbell Paris
                                 MAURICE WUTSCHER, LLP
                                 50 Fountain Plaza, Suite 1400
                                 Buffalo, New York 14202
                                 716-261-4703
                                 eparis@mauricewutscher.com

                                 *Counsel for Michael G. Lacey*