UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

MELANIE THOMPSON,

                    Plaintiff
          - against -

BACKPAGE.COM. L.L.C., ET AL.,
                    Defendants.

———————————————————————

20-cv-6734 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Melanie Thompson ("Thompson"), brought this action against the defendants,[1] alleging that the defendants knowingly aided in the sexual exploitation of women and children, including the plaintiff. Pl.'s Mem. of Law in Supp. of Mot. to Lift Stay ("Pl.'s Mem.") 1, ECF No. 31; see also Compl. ¶ 1, ECF No. 1-2. On October 5, 2020, the parties entered into a joint stipulation to stay this action pursuant to 18 U.S.C. §§ 1595(b)(1) and 3509(k). Stipulation to Stay this Action ("Stipulation"), ECF No. 9; see also ECF No. 10. The plaintiff now moves to lift the stay. Pl.'s Mem. 1. The plaintiff also moves in the alternative to lift the stay in order to substitute defendant James Larkin, who is now deceased, with his estate.

———————————————————————

[1] The defendants in this case are Backpage.com, LLC; Carl Ferrer; James Larkin; Michael Lacey; Medalist Holdings, Inc.; Leeward Holdings, LLC; Camarillo Holdings, LLC; Dartmoor Holdings, LLC; IC Holdings, LLC; UGC Tech Group CV; Website Technologies, LLC; Atlantische Bedrijven CV; Amstel River Holdings, LLC; Lupine Holdings LLC; Kickapoo River Investments LLC; CF Holdings GP, LLC; CF Acquisitions, LLC; and John Doe 1-5.

Id. at 1, 11. For the reasons that follow, both motions are **denied.**

I.

The Court assumes familiarity with the facts in this case as alleged and recites only what is necessary to resolve these motions. The plaintiff alleges that when she was approximately 12 years old, she was trafficked and sold for sex on the website www.backpage.com ("Backpage"). Compl. ¶ 1. According to the plaintiff, the defendants knew that sex traffickers used Backpage to facilitate the exploitation of women and children. See id. The plaintiff also alleges that the defendants knowingly helped sex traffickers create and develop advertisements to bolster their profits. Id.

The plaintiff filed this action in New York State Supreme Court, New York County, in January 2020, asserting claims under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595, as well as state-law claims for negligence, intentional infliction of emotional distress, unjust enrichment, invasion of privacy, failure to warn, and civil conspiracy. Compl. ¶¶ 27-32.

Defendant James Larkin ("Larkin") removed this action to federal court and subsequently moved, pursuant to the TVPRA and the Victims of Child Abuse Act ("VCAA"), 18 U.S.C. § 3509(k), to stay the action pending the conclusion of six parallel criminal

2

cases proceeding against him and certain defendants in other courts.[2] Mem. of Law in Supp. of Mot. to Stay, ECF No. 3. On October 5, 2020, the parties stipulated to a stay of this action pursuant to the TVPRA and VCAA, and the Court so-ordered the stay on October 13, 2020. See Stipulation; see also ECF No. 10.

The plaintiff now moves to lift the stay. The plaintiff also moves in the alternative to substitute Larkin with his estate because Larkin is now deceased.

## II.

The TVPRA requires that civil actions filed under the statute "be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1). The VCAA requires that any civil action with a "cause of action for recovery of compensation for damage or injury to the person of a child . . . shall be stayed until the end of all phases of the criminal action." 18 U.S.C. § 3509(k).

"Under the TVPRA, a civil case must be stayed if (1) a criminal action is pending, (2) the action arises out of the same occurrence as the civil action, and (3) the plaintiff in

---

[2] Those cases are: United States v. Ferrer, No. 18-cr-464 (D. Ariz.); United States v. Backpage.com, LLC, No. 18-cr-465 (D. Ariz.); United States v. Lacey, No. 18-cr-422 (D. Ariz.); People v. Ferrer, No. 16FE024013 (Cal. Super. Ct.); State v. Ferrer, No. 18FC-1625C (Tex. 94th Jud. Dist.); State v. Backpage.com, LLC, No. 18FC-1653C (Tex. 94th Jud. Dist.).

the civil action is also a victim in the criminal action." Bradberry v. Abercrombie & Fitch Co., No. 23-cv-9440, 2024 WL 4604508, at *3 (S.D.N.Y. Oct. 29, 2024); see also 18 U.S.C. § 1595. "A stay under 18 U.S.C. § 1595 applies to all defendants and all claims in a case, even if the civil case contains defendants and/or claims that are not at issue in the concurrent criminal action." Bradberry, 2024 WL 4604508, at *3. Under both the TVPRA and the VCAA, a criminal action is pending until its "final adjudication in the trial court." 18 U.S.C. § 1595(b)(2); 18 U.S.C. § 3509(k).

In their stipulation, the parties identified six criminal actions that arose out of the same occurrence as this civil case and in which the plaintiff is a victim. Stipulation ¶ 4. After the entry of the stay, only two of the six parallel criminal cases have reached a final judgment; the other four cases remain pending. Def.'s Opp. to Pl.'s Mot. 6, ECF No. 34.

The plaintiff argues that a stay in this case is no longer appropriate or necessary given the plaintiff's interest in the case proceeding forward. See Pl.'s Mem. 4-5. According to the plaintiff, courts have the inherent discretionary power to stay civil proceedings due to pending criminal proceedings, but that such a stay is not required. Id. at 5. While the plaintiff concedes that several of the criminal matters are still unresolved, she contends that the "vast majority of fact-finding efforts

4

have ceased indefinitely" in one case, United States v. Lacey, and that there are no pending criminal investigations against any of the other defendants. Pl.'s Reply Mem. 4, ECF No. 37. The plaintiff argues that the stipulated stay has served its intended purpose. Id.

These arguments are unpersuasive. The stay provisions in both the TVPRA and the VCAA are mandatory; both statutes provide that civil actions "shall be stayed" until the end of the criminal actions that arise out of the same occurrence. Indeed, courts in this Circuit have consistently found that the stay provisions under both the TVPRA and the VCAA are mandatory, see Bradberry, 2024 WL 4604508, at *2 (collecting cases regarding the TVPRA); Y.R. v. Manzano, No. 18-cv-402, 2022 WL 4263280, at *3 (D. Conn. Sep. 14, 2022) (finding a stay pursuant to the VCAA is mandatory), and the parties previously stipulated that the stay provisions are mandatory, Stipulation ¶¶ 3, 6.

The plaintiff provides no reason why the plain language of either statute is no longer binding given that four of the pending criminal matters remain unresolved. The motion to lift the stay is therefore **denied.**

## III.

The plaintiff requests in the alternative that the Court lift the stay for the limited purpose of substituting Larkin's estate for Larkin as one of the defendants in this case. Pl.'s

5

Mem. 15. The plaintiff argues that after Larkin's death, his estate was properly provided notice of this action, that procedural requirements for substitution are satisfied, and that the claims here survive Larkin's death. Id. 11-13.

However, neither the TVPRA nor the VCAA provides for a stay exception to substitute a party. See 18 U.S.C. § 1595(b); 18 U.S.C. § 3509(k). Any substitution should thus occur once the stay is lifted. Meanwhile, the plaintiff can file any necessary notice in the appropriate court to note a claim against Larkin's estate. The plaintiff's motion to lift the stay for the purpose of substitution is therefore **denied**.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not addressed specifically, those arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion to lift the stay is **denied.**

The Clerk is respectfully requested to close ECF No. 31.


SO ORDERED.
Dated:    New York, New York
          March 31, 2026

_____
John G. Koeltl
United States District Judge

7